# Warmcastle, Appellant, v. Castner.

*Promissory notes—Consideration—Decedents' estates—Evidence.*

In an action against a decedent's estate, the defendant offered as a set-off a promissory note executed by the plaintiff which had been in possession of the decedent for four years before he died. The plaintiff admitted the execution of the note, but averred a want of consideration, alleging that it had been given by him to the decedent in order to be delivered by the latter to another person in renewal of a note held by such person against the plaintiff. There was no direct evidence to support the plaintiff's claim, but it was shown that on the day on which the note offered as a set-off was given, the person holding plaintiff's old note had indorsed thereon a money payment which was the difference between the old note and the note which the plaintiff claimed was to be a renewal note. It appeared that the old note remained in the hands of its holder, and that plaintiff made no effort to have the renewal note substituted in its place. *Held*, that as there was no sufficient evidence to submit to the jury on the question of lack of consideration, it was not error for the court to give binding instructions for defendant.

Argued May 10, 1907. Appeal, No. 89, April T., 1907, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. Term, 1904, No. 388, on certificate for defendant in case of C. A. Warmcastle v. Elizabeth H. Castner, Executrix of L. C. Castner, deceased. Before RICE, P. J., HENDERSON, ORLADY and BEAVER, JJ. Affirmed.

Assumpsit on a promissory note. Before McCLUNG, J.
The facts appear by the opinion of the Superior Court.
Certificate for defendant for $500. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*J. R. Sterrett*, of *Patterson, Sterret & Acheson*, for appellant.—That where there is any evidence from which an inference of the fact in controversy may be drawn it must be submitted to the jury: Howard Express Co. v. Wile, 64 Pa. 201.

Where testimony, though uncontradicted, is not admitted by

the opposite party, the credibility of the witness is for the jury: Madara v. Eversole, 62 Pa. 160 ; Lautner v. Kann, 184 Pa. 334 ; Harlow v. Homestead Borough, 194 Pa. 57.

*C. C. Dickey*, of *Shiras & Dickey*, for appellee, cited: Battles & Webster v. Laudenslager, 84 Pa. 446.

OPINION by HENDERSON, J., October 7, 1907 :

The appellant complains that the court gave binding instructions for the defendant and the question which we are to consider is whether there is any evidence of a disputed fact which should have been submitted to the jury.   On October 25, 1897, the plaintiff gave his promissory note to Kate Castner for the sum of $3,000 payable sixty days after date, and the same day L. C. Castner, the decedent, gave his promissory note to the plaintiff for $1,500 payable sixty days after date.   On January 24, 1898, a credit of $1,000 was indorsed by Kate Castner on the $3,000 note.   Among the assets of the decedent's estate was a promissory note for $2,000 dated January 24, 1898, drawn by the plaintiff in favor of L. C. Castner payable three months after date.   To the action brought by the plaintiff to recover the amount of his note for $1,500 dated October 25, 1897, the defendant pleaded a set-off alleging an indebtedness by the plaintiff to the defendant on account of the $2,000 note referred to.   A replication to the plea admitted the execution of this note but averred a want of consideration, the plaintiff alleging that it was given by him to L. C. Castner to be delivered to Kate Castner in renewal of the $3,000 note above recited when the payment of $1,000 was made on that note, and this $2,000 note, as stated in the replication, was refused by Kate Castner and remained in the possession of L. C. Castner.   The execution of the note was admitted by the plaintiff and the issue imposed upon him the burden of proving the averments of the replication.   The plaintiff's evidence tended to show that the note for $3,000 was given by the plaintiff to Miss Castner for $3,000 to be used by him and L. C. Castner in a mining venture and that L. C. Castner gave the $1,500 note to secure the plaintiff for the former's share of the indebtedness.   No witness was called who was present when the arrangement between the plaintiff and L. C. Castner was carried out, but W.

A. Desborough whose deposition was offered in evidence testified that the arrangement was that the plaintiff should borrow $3,000 and that L. C. Castner should give to the plaintiff his note for one-half of that amount. The witness further testified that Castner told him that everything had been arranged to make the investment. No evidence was offered, however, that accounted for the $2,000 note, nor to show that it had any connection with the mining enterprise in which the parties engaged in October of the preceding year. The plaintiff's obligation for $3,000 was given directly to Kate Castner and he, of course, understood that his indebtedness was to her. The $2,000 note was given to L. C. Castner. It was dated, it is true, on the same day on which a credit of $1,000 was indorsed by Kate Castner on her note, but this coincidence is not a fact showing or tending to show that the $2,000 note was to be indorsed by L. C. Castner and by him delivered to Kate Castner to secure the balance due on the $3,000 note. This circumstance affords a basis for conjecture, but cannot be regarded as evidence of the fact sought to be established. The inference is so purely speculative and vague as to have no tendency to sustain the plaintiff's allegation. A large latitude is allowable in the introduction of circumstantial evidence, but only where it has a reasonable and logical tendency to prove that which it is offered to establish. The note was in L. C. Castner's possession more than four years before he died and the $3,000 note remained in Kate Castner's possession. If the $2,000 note were given to renew the balance of the $3,000 note the plaintiff had ample time to have learned that such renewal had not taken place and to recall the note or secure its acceptance by Kate Castner. This was not done, nor does it appear that any effort in that direction was made by the plaintiff nor is any explanation given of his omission so to do. We think the learned trial judge was clearly right in holding that the plaintiff had failed to show that the note was given without consideration. It is contended that the case should have been submitted to the jury, however, on the credibility of the defendant, Mrs. Elizabeth Castner, who was called by the plaintiff as for cross-examination. The answer to this is that Mrs. Castner did not testify to anything which affected the merits of the case. She knew nothing about the history of the note nor had she had any con-

versation with her husband with reference thereto.   He left no memorandum of his assets, nor was there anything found among his papers throwing light on the subject.   The plaintiff's case would not have been helped, therefore, if the jury had discredited the defendant, for her testimony did not aid her case and there was no other evidence supporting his claim. The instruction to the jury was, therefore, supported by the record.

The judgment is affirmed.